**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0493, <u>Diversified Marine Construction LLC v. Frederic E. Mason Revocable Trust</u>, the court on August 21, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The appellant, Diversified Marine Construction LLC, appeals the order of the Superior Court (<u>Leonard</u>, J.), following a four-day bench trial, on its claims against the appellee, Frederic E. Mason Revocable Trust, and the appellee's counterclaims against the appellant, regarding a contract to construct a lakefront retaining wall.  The appellant argues that the trial court erred in finding that: (1) it materially breached the contract; (2) the appellee was excused from making further payments on the contract; (3) the appellee's experts were qualified; (4) the appellee did not fail to mitigate its damages; (5) the appellee did not owe additional amounts for extra-contractual work; and (6) the appellant was not entitled to interest and attorney's fees.  We affirm.

The appellant first argues that the trial court erred in finding that it materially breached the contract by failing to install filter fabric, asserting that its concrete substitute served the same purpose.  A breach is material if: (1) a party fails to perform a substantial part of the contract or one or more of its essential terms or conditions; (2) the breach substantially defeats the contract's purpose; or (3) the breach is such that upon a reasonable interpretation of the contract, the parties considered the breach as vital to the existence of the contract.  <u>Gaucher v. Waterhouse</u>, 175 N.H. 291, 296 (2022).

Whether a breach is material is a question for the trial court to determine from the facts and circumstances of the case.  <u>Id</u>.  We will uphold the trial court's factual findings unless they lack evidentiary support.  <u>Loon Valley Homeowner's Ass'n v. Pollock</u>, 171 N.H. 75, 78 (2018).  We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given to the evidence.  <u>Gaucher</u>, 175 N.H. at 296.  The trial court may accept or reject, in whole or in part, whatever evidence was presented.  <u>Id</u>.

The appellant concedes that the contract required it to build the wall in accordance with the drawings, which showed the use of filter fabric.  The appellee's expert specifically disputed the appellant's claim that the concrete barrier was an adequate substitute.  The trial court was not compelled to accept the testimony of the appellant's principal favoring the use of concrete.

See id. We conclude that the record supports the trial court's finding that the appellant materially breached the contract by failing to install filter fabric.

The appellant next argues that the trial court erred in finding that it materially breached the contract by failing to install appropriate drainage. The contract required the appellant to "[i]nstall appropriate drainage." The court found that the drainage was not appropriate "[b]ased on the various sinkholes located adjacent to the retaining wall." We conclude that the record supports the trial court's finding that the appellant materially breached the contract by failing to install appropriate drainage. We reject the appellant's argument that the New Hampshire Department of Environmental Services (DES) permit requiring the property owner to provide appropriate diversion of surface water runoff modified the contract.

The appellant next argues that the trial court erred in determining that the appellee was excused from making the final payment due under the contract. A material breach of contract by one party discharges the duty of performance of the other. Gaucher, 175 N.H. at 296. Having found support for the trial court's findings that the appellant materially breached the contract, we find no error in the court's ruling that the appellee was excused from making further payments due under the contract. See id.

The appellant next argues that the appellee's experts were not qualified to opine regarding the defects in its performance or the calculation of damages. We review a trial court's decision to admit expert testimony under our unsustainable exercise of discretion standard. Stachulski v. Apple New England, LLC, 171 N.H. 158, 164 (2018). The appellant objected to the expert testimony of Ryan Baker on the basis that he lacked formal education in engineering or architecture. On appeal, the appellant concedes that an expert may be qualified based upon experience, but argues that Baker lacked experience in the construction of "underwater walls specifically." We conclude that the appellant has failed to demonstrate that the trial court unsustainably exercised its discretion in admitting Baker's testimony. See id.

The trial court found Eric Buck to be qualified as an expert in landscape architecture, stone wall construction, dry stone wall construction, and DES permitting. The appellant objected to Buck's testimony on the basis that, as a consultant and planner, Buck does not perform the work himself. We conclude that the appellant has failed to demonstrate that the trial court unsustainably exercised its discretion in admitting Buck's testimony. See id.

The appellant next argues that the trial court erred by not finding that the appellee failed to mitigate its damages. A party seeking damages occasioned by the fault of another must take all reasonable steps to lessen his resulting loss. Greiner v. Barclay Square Commercial Condo. Owners' Assoc., 150 N.H. 111, 119 (2003). The appellant bears the burden of proving that the

appellee failed to mitigate damages.  Id.  The court found that the appellee was excused from any requirement that the appellant be allowed to fix the defects because the appellant had demonstrated that it was not addressing the problems in good faith.  The record also supports the court's finding that the appellee's duty to mitigate did not require it to remedy the drainage issues promptly after the appellant failed to do so.  We conclude that the record supports the trial court's finding that the appellant did not meet its burden to prove that the appellee failed to mitigate its damages.  See id.

The appellant next argues that the trial court erred in finding that the appellee did not owe the appellant payment for certain items, including the installation of sand, sod, and an additional retaining wall, that it alleges were outside the scope of the contract.  The record supports the trial court' s finding that these items were either part of the contract or that the appellee did not agree to pay for them.  The trial court was not compelled to accept the contrary testimony of the appellant's principal.  See Gaucher, 175 N.H. at 296.

The appellant next argues that the trial court erred by denying its request for interest and attorney's fees for past due amounts, as provided in the contract.  The trial court ordered the appellee to pay the appellant for certain work that it determined was outside the scope of the contract.  We find no error in the trial court's decision denying the appellant's request for interest and attorney's fees for work outside the scope of the contract.

Finally, the appellant argues that the trial court erred by not reaching a similar result in this case as it did in another case involving the appellant.  The trial court correctly concluded that the other case was readily distinguishable from this case.  Accordingly, we find no error.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3